Mr. Justice Todd
 

 delivered the opinion of the Court in this cause, which was submitted without argument.
 

 This is an action of ejectment brought in the Circuit Court for the District of Ohio. At the trial, the plaintiff proved a title sufficient in law,
 
 prima fade,
 
 to maintain the action. The controversy turned altogether upon the title set up by the defendants. That title was as follows: A letter of attorney, purporting to be executed by John Graham, bearing date the 23d of September, 1805, authorizing Nathaniel Massie to sell all his éstate, &c. in all his lands in Ohio. This power, was executed in the presence of two witnesses in Richmond, in Virginia, and was there acknowledged by Graham before a notary public.
 

 
 *578
 
 Nathaniel Massie, by. a deed dated the 7th day. pf June, 1810, and executed by him in Ohio, in his own right, as well as attorney to John Graham* conveyed to one Jacob Smithy under whom the defendants claimed the land, in controversy.. This deed, was executed in the presence of one witness only, and was duly acknowledged and recorded in the proper county in Ohio. The deed and letter of attorney so executed and acknowledged, were offered in evidence by the defendants, and were rejected by the Court, upon the ground, that they were not sufficient to convey lands according to the laws of Ohio. . The defendants also offered in evidence a deed from Jacob Smith and wife, to the said Graham, dated the 7th of March, 1811, duly witnessed, acknowledged, and recorded, conveying a certain tract of land in Ohio, and offered farther to prove, that the tract of land so conveyed was given in exchange for and in consideration of the . lands conveyed, by the deed first mentioned to Smith. This evidence* also, was rejected by the Court. Á bill of exceptions was taken to these proceedings by the defendants ; and the jury found a verdict for the plaintiff, upon which a judgment was entered for the plaintiff, and the present writ of error is brought by the defendants to revise that judgment.
 

 The principal question before this Court, is, whether the deed so executed by Massie was sufficient to convey lands by the laws of Ohio. If not, it was properly rejected; if otherwise, the judgment should be reversed. Two objections have been taken to the
 
 *579
 
 execution of this deed; first, that the power of attorney was not duly acknowledged, as every deed is required to be in Ohio in order to convey lands; and if so, then the subsequent conveyance is void, for it is a general principle, that a power to convey lands must possess the same requisites, and observe the same solemnities, as are necessary in a deed directly conveying the lands. On this objection, which is apparently well founded, it is unnecessary to dwell, as another objection is fatal; that is, the deed of Massie was executed in the presence of
 
 one
 
 witness onlj;, whereas the law of Ohio requires all deeds for land to be executed in the presence of
 
 two
 
 witnesses. It is perfectly clear, that no title to lands can be acquired or passed, unless according to the laws of the State in which they are situate. The act of Ohio regulating the conveyance of lands, passed on the 14th of February, 1805, provides, <£ that all deeds for the conveyance of lands, tenements, and hereditaments, situate, lying, and being within this State, shall be signed and sealed by the grantor in the presence of
 
 two
 
 witnesses, who shall subscribe the said deed or conveyance, attesting the acknowledgment of the signing and sealing thereof; and if executed within this State, shall be acknowledged by the party or parties, or proven by the subscribing witnesses, before a Judge of. the Court of Common Pleas, or a Justice of the Peace in any county in this State.” Although there are no negative words in this clause, declaring all deeds for the conveyance of lands executed in any other manner to be void; yet this must be necessarily inferred from the
 
 *580
 
 clause in the absence of all words indicating a different legislative intent, and in point of fact such is understood to be the uniform construction of the act in the Courts of Ohio. The deed, then, in this case,, not being executed according to the laws of the State, the evidence was properly rejected by the Circuit Court.
 

 The remaining point, as to the rejection of the evidence of the deed from Smith to Graham, and the proof to show, that it was given in exchange for the land in controversy, has not been much relied on in this Court. It is, indeed, too plain for argument, that if a deed imperfectly executed would not convey any estate or interest in the land, a parol exchange, or parol proof of an intention to convey the same in exc! ange, cannot be permitted to have any such effect.
 

 Judgment affirmed, with costs.