[No. 2227, April 7, 1919.]

# MIERA v. MIERA.

## SYLLABUS BY THE COURT.

1.   Under section 2764, Code 1915, where real estate is conveyed to a married woman, the presumption is that title is thereby vested in her as her separate property.          P. 302

2.   Section 4774, Code 1915, requires all powers of attorney, or other writings containing authority to convey real estate as agent or attorney for the owner of the same, etc., to be acknowledged, certified, filed, and recorded as other writings conveying or affecting real estate are required to be acknowledged.     .          P. 302

3.   In order to give validity to a conveyance of lands under power of attorney, the power to convey must possess the same requisites and observe the same solemnities as are necessary in the deed directly conveying the land, and the only recognized exception to the rule is where the execution by the agent or attorney is in the presence and by the direction of the principal.          P. 302

4.   Under chapter 84, Laws 1915, a transfer or conveyance attempted to be made of the real property of the community by either husband or wife alone is void and of no effect.
          P.305

Appeal from District Court, Sandoval County; Raynolds, Judge.

Action to quiet title by Merejilda G. de Miera against V. S. Miera.   Judgment for plaintiff, directing cancellation of deed to defendant, and he appeals.   Affirmed.

E. D. DOBSON, of Albuquerque, for appellant.

There is a distinction between action to remove cloud on title and suit to quiet title.   17 Enc. Pl. & Pr., 277; Sec. 4387, Code 1915; Sec. 4388, Code 1915.

As suit was brought to remove cloud appellee must stand or fall on allegations of complaint.   Walton v. Perkins, 28 Minn. 413; Knudson v. Curley, 30 Minn. 434; Halk v. Stoddard, 45 S. E. 140.

BARTH & MABRY, of Albuquerque, for appellee.

Property being conveyed to married woman, the pre-

sumption is that it is her separate property.   See 2764, Code 1915.

Conveyance not having been assigned by appellee, it is void.   C. 84, L. 1915.

Appellee's husband had no authority to convey her title to the property.   See 4774, Code 1915.

This was suit to quiet title.   Par. 4394, Art. 20, Code 1915; Baca v. Anaya, 14 N. M. 392; 32 Cyc. 1381; Marques v. Land Grant Co., 12 N. M. 445.

#### OPINION OF THE COURT.

ROBERTS, J.   In her complaint filed in the lower court appellee alleged that she was the owner in fee simple and in possession of the real estate involved in this litigation, describing the same; that appellant claimed a title or interest in said premises by and through a certain deed alleged to have been executed by appellee and her husband, E. A. Miera, now deceased; that said deed was invalid for the reason that appellee did not execute said deed, nor did she authorize any one else to execute the same for her; and there was a further allegation upon information and belief to the effect that E. A. Miera, the deceased husband of appellee, had not signed the deed and that it was a forgery; that said purported deed attempted to convey the real estate in question to appellant and had been placed of record in the county clerk's office of Sandoval county; that appellant had no right, title, interest, or claim whatever in or to the real estate in question.

The relief prayed for was that the appellant be required to set forth the nature of his claim, and that all his adverse rights might be determined by decree of the court; further, that it be adjudged that appellant had no estate or interest in or to said land or premises, and that the appellant be required to give up said deed to be canceled, and that the same be canceled under the

direction of the court; and for such other relief as the court should deem mete and proper.

Appellant answered the complaint, denying that the appellee was the owner in fee simple and in possession of the land described in the complaint; alleged that E. A. Miera, the husband of appellee, executed the deed in his lifetime; that he had signed it; and further alleged that:

"At the time he executed said deed in his own behalf he signed the name of the plaintiff, his wife, and claimed that he had a right to sign her signature as his wife to said deed, as he had done on previous occasions in transferring real estate. Affiant, further answering said paragraph 111, denies that the signature of E. A. Miera was forged upon said deed, and denies that it was not his signature. Further answering said paragraph, the defendant admits that the plaintiff was not present when said deed was signed by the said E. A. Miera, and did not acknowledge the same, but the said E. A. Miera did acknowledge the same before the notary whose signature is attached to the said deed referred to in said paragraph."

Appellant further stated that he had no knowledge or information as to whether Miera had power of attorney from his wife, and proceeds:

"But alleges that of his own knowledge the said E. A. Miera had executed similar documents under the same circumstances on behalf of his wife."

No demurrer or reply was filed to the answer, and the court heard the evidence offered by the parties.

Appellee put in evidence the patent from the United States, dated October 26, 1911, granting the real estate in question to appellee; also a certified copy of the official plats in the office of the surveyor general at Santa Fe, N. M., of the sections in which the land was located. Appellee did not testify as a witness in the case; the evidence showing that she was a confirmed invalid. Various motions were interposed from time to time by appellant for judgment on account of the claimed failure on the part of appellee to make certain proof which appellant claimed was necessary. Appellant did not testify in the case on his own behalf.

The court made findings of fact in which he refused to find that the signature of E. A. Miera to the deed was in fact a forgery, but did find that the appellee did not sign the deed and did not authorize her said husband or any one else to sign it for her, and that appellee had not conveyed said property nor authorized it to be conveyed, nor did she acknowledge said deed before any officer authorized to take acknowledgments under the laws of the state of New Mexico. Judgment was rendered quieting appellee's title as against the claims of the appellant and directing the clerk of the court to cancel the deed in question to V. S. Miera.

This appeal is prosecuted by the appellant to review such judgment. He has assigned sixteen grounds of error, which he discusses under five propositions. The first point made is that the suit in question was not a suit to quiet title, but to remove a cloud on the title. The second proposition is that appellee, having brought a suit to remove a cloud on her title, must stand or fall by the allegations of the complaint. The third and fourth are directed against the form of the decree, and the fifth is that, the deed in question having been introduced in evidence by appellant without objection, it was prima facie presumptive evidence of the following facts: (1) Competent and proper parties; (2) a proper subject-matter; (3) a good and sufficient consideration; (4) a written or printed form; (5) sufficient and legal words; (6) reading, if desired, before the execution; (7) execution, signing, sealing, and attestation; (8) delivery.

[1-3] All these objections, however, may be put aside without discussion, for the judgment of the court is sustainable if the correctness of each proposition be admitted. By his answer appellant admitted that appellee did not sign the deed, and that she was not present when the acknowledgment to the same was taken by the notary public. He does not claim any future acknowledgment or set forth any facts by way of estoppel. He does not contend that E. A. Miera, the husband of appellee, had a power of attorney executed by appellee

authorizing him to make the deed; his sole contention being that Miera had theretofore in a similar manner signed and acknowledged deeds to real estate for his wife. The property in question was conveyed to appellee by the government of the United States while she was a married woman, and the presumption is that title was thereby vested in her as her separate property. Section 2764, Code 1915. The answer does not deny that the property in question was the separate property of the wife, and there was no proof introduced tending to show that it was the property of the husband or community property. Section 4774, Code 1915, requires all powers of attorney or other writings containing authority to convey real estate as agent or attorney for the owner of the same, etc., to be acknowledged, certified, filed, and recorded as other writings conveying or affecting real estate are required to be acknowledged. That there was no such power of attorney authorizing Miera to execute the deed in question is not controverted by appellant. He relies solely upon the fact that Miera had theretofore signed and acknowledged similar deeds for his wife. That his purported acknowledgment of the signature of his wife or his act in signing her name to the deed did not divest her of her title to the real estate or operate to convey the same is well settled. In Devlin on Real Estate, § 356, the author says:

"The law requires that a power of attorney to execute a deed should be in writing and of the same solemnity as the deed itself. 'No man shall be divested of his interest in real estate, but by his own acts and operation of the law; if any authority by parol may be shown, a man may be made to convey all his estate, and the conveyance rest entirely in parol.'"

It is a well-recognized principle at common law that, in order to give validity to a conveyance of lands under power of attorney, the power to convey must possess the same requisites and observe the same solemnities as were necessary in the deed directly conveying the land. Clark v. Graham, 6 Wheat. 577, 5 L. Ed. 334; Johnson v. Dodge, 17 Ill. 433. And the only recognized exception to the rule is where the execution by the agent or attor-

ney is in the presence and by direction of the principal; and the exception arises from the doctrine that what is done in the presence and by the direction of another is the act of the latter as much as if done by himself in person. The cases on the proposition will be found cited in the note to the case of Davenport v. Parsons, 10 Mich. 42, 81 Am. Dec. 772. Many other cases to the same effect will be found in the note to section 356 in Devlin on Deeds.

It would indeed be a remarkable procedure in American jurisprudence if the owner of real estate could be stripped of title thereto by the act of a party in signing and acknowledging the deed in the name of the owner upon the assumption that he had the power to do so because he had theretofore made similar conveyances, and this without the presence, consent, or authority of the owner. The judgment of the court directing the cancellation of the deed was entirely proper, and would probably have been entered upon the pleadings had a motion therefor been timely made.

For the reasons stated, the judgment of the district court will be affirmed; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., did not participate, having heard the case below.

On Motion for Rehearing.

ROBERTS, J. On rehearing appellant complains because the court did not determine the question as to whether or not the suit in the court below was an action to remove a cloud on title or a suit to quiet title. We did not pass upon this question, because in our judgment it was unnecessary. If it be conceded that the action, as he contends, was one to remove a cloud on title, the decree would nevertheless be sustainable.

[4] He further argues that in the former opinion this court held that the property in question was the separate estate of the appellee, and that we were in error in this in that the proof did not show whether it was the separate estate or community property. If community property, however, the result would be the same; for, under chapter 84, Laws of 1915, it is provided that any transfer or conveyance attempted to be made of the real property of the community by either husband or wife alone shall be void and of no effect. The answer admits that appellee did not sign the deed, and the proof in the lower court all was to the effect that she had not signed the deed, or authorized her husband to sign it for her. This being true, and the deed having been executed subsequent to the enactment of said chapter 84, it was void and conferred no title upon appellant.

For these reasons, the motion for rehearing will be denied, and the former opinion adhered to.

PARKER, C. J., concurs.

---

[No. 2171, Nov. 12, 1918.]
[Rehearing Denied June 28, 1919.]
## WATTERS v. TREASURE MINING & REDUCTION CO. et al.