JUSTINA REYES MACHÍN, known as LORENZA REYES MACHÍN, Plaintiff and Appellant, *v.* RAFAELA TORRES ET AL., Defendants and Appellees.

No. 9226. Argued December 26, 1945.—Decided March 20, 1946.

*Ramos Antonini & Ortiz* for appellant. *Miguel García González* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Alleging to be one of the heirs of Doña María Reyes Machín, plaintiff herein filed a complaint in the District Court of Humacao seeking the nullity of a deed of sale executed by her predecessor in favor of the defendant. She alleged in the first cause of action that said deed was not executed at one time and in the presence of the attesting witnesses and, as a second cause of action, that the deed was void because the contract lacked consideration. The defendants answered the complaint and denied the essential facts alleged therein. At the trial plaintiff abandoned the second cause of action and presented evidence in support of the first. The defendants did not introduce any evidence.

There is no controversy between the parties as to the fact that plaintiff's evidence revealed that when Notary Antonio L. López certified the deed on June 12, 1943, whereby Doña María Reyes Machín sold a rural property to Doña Rafaela Torres, married to don Manuel Buxó Quiñones, said notary went to the house of Doña Rafaela, where the vendor also lived, situated in a ward of San Lorenzo; that the parties and witness Heriberto Aponte signed there; that thereafter the Notary, Mr. Juan Buxó, and witness Aponte went to the

town of San Lorenzo to the store of Ramón Sellés, who, at the request of the notary, after reading the deed, signed as a witness. It does not appear from the pleadings or the evidence whether the notary had already signed the deed when he took it to Mr. Sellés or if he signed it afterwards.

The lower court dismissed the complaint on the following grounds: 1st, because the ground of nullity alleged is not covered by § 20 of the Notarial Act of Puerto Rico;[1] 2d, because it being a formal defect, if the conditions of the contract are perfect, it should remain in force as a private document; 3d, because 'the party who seeks the annulment derives title from the vendor, and since the plaintiff is in the same condition as the vendor would have been if she had been the claimant, the former is therefore estopped from attacking the form and manner of execution of the instrument''; and 4th, because in Puerto Rico "the attesting witnesses and the contracting parties rarely sign at the same time even though the execution of a contract should take place at one time.''

In support of the first ground the lower court cited *Benítez v. Llompart*, 50 P.R.R. 641, and *Heirs of González v. Federal Land Bank*, 51 P.R.R. 454.

These cases are not applicable to the facts before us. The first case does not deal with the nullity of a deed but whether a contract of sale, binding on the parties, was rendered void because of the fact that the deed was not signed on the same day of the execution of the contract, and it was held that it

---

[1] Section 20 of the Notarial Act provides:

''The following public instruments shall be null and void:

1st. Those in which the notary authorizing same has intervened as a party thereto, or which contain any provision in his favor.

2nd. Where the relatives of the parties concerned therein, or the relatives, clerks or servants of the notary authorizing the instrument, are witnesses thereto.

3rd. Those in which the notary fails to certify as to his knowledge of the parties, or to supply this deficiency with witnesses of identification, or where the signature of the parties and witnesses and the signature, mark and rubric of the notary, when requested, do not appear.

"in no way lessens the binding effect of the agreement between the parties"; and in the latter case it was decided that where a sheet of a printed deed contained more than twenty-four lines to the page, the defect was a formal one and not sufficient to invalidate the deed itself.

Section 13 of the Notarial Act, insofar as pertinent, provides that: "No public instrument, save those specially provided by law, shall be authenticated by a notary, unless executed in the presence of two witnesses;. . ." and § 15 of that same Act provides that "The presence of the witnesses is required for the reading, consent, and signature thereof, all of which shall take place at one time." Connected with these two Sections we have § 10 which imposes on the notary the obligation to set forth in all public instruments "the place, year and day of the execution thereof," and under § 17 he must certify that he has read the instrument "to the parties and witnesses to its execution, or that he had allowed them to read it, at their option, before signing."

The above provisions prescribe certain and specific requisites which should be complied with by the notary in executing a public instrument. The presence of two attesting witnesses with the parties at the time of the execution of the instrument is required for "the reading, consent, and signature thereof, all of which shall take place *at one time.*"

■ The requisite which calls for the presence of two witnesses at the time of the reading of the deed, is by itself important, but it is even more so concerning the consent and signature of the contracting parties. The reading by the parties and the witnesses or by the notary, the consent of the parties to the contract, and the signing of he instrument by the parties and the witnesses should all take place "at one time." These requirements must be fulfilled in order that the contract may become a public instrument. The fact that witness Sellés read the deed before signing it does not make it valid inasmuch as he was not present, even though it was so

stated, when the parties signed it in the presence of the other attesting witness. As Mr. Sellés signed after the agreement had been made, without his being present, he was not a witness to the execution of the deed, even though his name appears therein.

■ Section 13, *supra*, expressly precludes the notary from authenticating any public instrument, unless in the presence of two witnesses, save those specially provided by § 22 of the Act in relation to wills. The fact that § 20, *supra*, enumerates certain circumstances which invalidate a deed does not mean that those are the only ones which may cause such nullity. Section 12 of the Civil Code (1930 ed.) provides that "In matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of this Code," and § 4 provides that "Acts executed contrary to the provisions of law are void, except when the law preserves their validity."[2]

■ We can not accept as having any legal force whatsoever the argument set forth by the lower court that in Puerto Rico "the attesting witnesses and the contracting parties, rarely sign at the same time," for according to § 5 of the Civil Code "disuse, custom or practice to the contrary" shall not impede the enforcement of the law.

■ However, since plaintiff abandoned her second cause of action wherein she attacked the validity of the contract of sale for lack of consideration, said contract is binding between the parties. *Picart* v. *De León*, 22 P.R.R. 553; *Ayllón et al.* v. *González et al.*, 28 P.R.R. 61. This being so, what interest or prejudice has plaintiff alleged or shown to warrant that she may obtain a relief in this case? None in our opinion. As well said by the lower court, the plaintiff is "in the same condition as the vendor would have been if she had been the

---

[2] In *Clark et al.* v. *Graham*, 6 Wheat. 577, 19 U. S. 258, the Supreme Court of the United States held that since the laws of Ohio require all deeds of land to be executed in the presence of two witnesses, a deed executed in the presence of one witness only was void.

claimant'' and is therefore estopped to attack the validity of the deed executed by her predecessor. See *Vázquez* v. *Santalís et al.,* 26 P.R.R. 614; *Heirs of González* v. *Federal Land Bank,* 51 P.R.R. 454; *Acevedo* v. *Romero,* 54 P.R.R. 522.

The judgment appealed from should be affirmed.