669 P.2d 1100

**Nerio ROYBAL, Plaintiff-Appellee,**

v.

**Mary Ann MORRIS, Defendant-Appellant.**

**No. 7036.**

Court of Appeals of New Mexico.

Aug. 30, 1983.

Roberto C. Armijo, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellant.

Thomas F. Keleher, Margaret E. Davidson, Keleher & McLeod, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant Mary Ann Morris appeals from the judgment entered by the trial court denying her counterclaim, and imposing a constructive trust in favor of her adoptive brother, Nerio Roybal, upon a one-half interest in lands deeded to her by her father.

Plaintiff brought suit individually and on behalf of his adoptive father, Daniel Roybal (father), seeking to have a warranty deed given by the father to defendant set aside because of alleged fraud and undue influence. Defendant filed a counterclaim seeking to quiet title in the property covered by the deed, and seeking punitive damages predicated upon plaintiff's alleged fraudulent procurement of a power of attorney from the father.

Defendant raises six claims of error. We discuss (1) propriety of the constructive trust; (2) claim of indispensable party; and

(3) decide the remaining issues summarily. We affirm in part and reverse in part.

Facts:

The father, a widower, owned extensive real property in San Miguel County. He was born in 1896, and from his marriage to Carlotta V. Roybal, defendant was his only natural child. In 1979, at age 85, he suffered a major illness and was hospitalized in Santa Fe. Following his release from the hospital he moved to Albuquerque to live with defendant. On July 16, 1980, defendant drove her father to an attorney's office in Las Vegas, New Mexico, where the father executed and delivered a warranty deed to defendant covering all of his real estate.

The plaintiff was the nephew of Daniel Roybal, and was raised from early infancy to adulthood in the Roybal home as the Roybal's own child. The father suffered a stroke in May, 1981, and resided in a nursing home in Albuquerque, where he was regularly visited by plaintiff and defendant. In August 1982, the father initiated proceedings in the district court of Bernalillo County to adopt plaintiff and a final decree of adoption was entered later that same month. On April 7, 1982, the father executed a general power of attorney to the plaintiff. The power of attorney executed by the father expressly provided that it "shall not be affected by any disability which [he] may suffer in the future." The instrument further invested plaintiff with the right to institute or defend suits against adverse claims. Plaintiff, acting under the power of attorney, managed the father's real estate holdings and rented a portion of the property. In February, 1980, the father transferred to plaintiff some cattle, brands, and forest grazing permits in San Miguel County.

After obtaining the warranty deed from her father to herself, defendant recorded it, but did not disclose for approximately two years to plaintiff or other members of her family the fact that she had secured the conveyance. Upon learning of the deed in May, 1982, plaintiff filed suit against defendant seeking to have the deed declared invalid. Following a trial to the court, a judgment was entered finding that defendant had procured the deed by undue influence, and ordering that deed to defendant and also that the federal grazing lease, which the father had transferred to plaintiff, be each impressed with a trust to the extent of a one-half interest in favor of plaintiff and defendant respectively.

## I. Issues Answered Summarily

■ (A) The trial court refused to accede to defendant's request for a recusal following a pretrial hearing on both parties' request for entry of a preliminary injunction. As a general rule, whether a judge should voluntarily enter a recusal is a matter within the sound discretion of the trial judge. NMSA 1978, Code of Judicial Conduct, Cannon 3 C. (Supp.1982); *see also Klindera v. Worley Mills, Inc.,* 96 N.M. 743, 634 P.2d 1295 (Ct.App.1981); *Martinez v. Carmona,* 95 N.M. 545, 624 P.2d 54 (Ct.App. 1980). Suspicion of bias or prejudice is not enough to disqualify a judge. *State v. Scarborough,* 75 N.M. 702, 410 P.2d 732 (1966). The only evidence of alleged bias or prejudice herein is the fact that the trial judge knew Pete Roybal, one of the witnesses in case. Roybal's testimony was consistent with that of several other witnesses in the case. Under the record herein, it was not error on the part of the trial judge to refuse to recuse himself.

■ (B) The trial court denied defendant's motion for a new trial or, alternatively, for relief from the judgment. Defendant contends the court erred in denial of this motion because of the surprise testimony of Isidro Roybal and her attorney's inability to obtain discovery of her father's medical records. Defendant could have deposed the witness prior to trial but failed to do so. Plaintiff's answers to interrogatories listed Isidro Roybal as a prospective witness. Defendant's counsel spoke to the witness prior to trial; he now claims his trial testimony was not consistent with that conversation. Since the content of the conversation is disputed, this does not afford a basis for a new trial. Defendant also

claims she was wrongfully refused access to her father's medical records and her proposed order allowing her access was denied. The proposed order, however, is not a part of the record herein. Defendant did not subpoena the records. Under the facts it was not error to deny the motion for a new trial or to grant other relief from the judgment.

(C) Defendant asserts the trial court erred in failing to direct a verdict in her favor at the close of plaintiff's case, that the court erred in granting plaintiff's motion for a restraining order, and that the court erred in failing to grant her counterclaim. Defendant fails to specify in what particular aspects the trial court erred, or to cite specific authorities for her contentions. This point is without merit.

(D) Both prior to and at trial defendant asserted that plaintiff was not a real party in interest to the proceedings herein, and that the power of attorney given to plaintiff by her father was invalid because he lacked the mental capacity to execute the document. At trial defendant and her two sons testified that since the father had suffered a stroke in May, 1981, he had been confused and affected with an impaired memory. Dr. Donald B. Stewart, who treated the father testified that in his opinion the father was not mentally alert at the time he gave the power of attorney to plaintiff or when he signed the petition to adopt plaintiff.

■ In *Miera v. Miera*, 25 N.M. 299, 181 P. 583 (1919), it was held that a power of attorney must possess the same requisites and observe the same solemnities as are necessary in the case deeds conveying an interest in realty. In New Mexico, acts done by an agent under a power of attorney are invalid during the time the principal is mentally incompetent unless the power of attorney expressly provides that the authority to act shall not be affected by the disability of the principal. NMSA 1978, § 45-5-501.

■ The trial court found that the father understood the power of attorney which was executed on April 7, 1982. Plaintiff testified that at the time of the signing of the power of attorney his father was able to understand what he was signing and even asked specific questions about the power of attorney and the powers granted thereunder. The trial court's finding of competency of the father was grounded upon substantial evidence.

■ In New Mexico a person is presumed to be competent and the initial burden of proof of incompetency is upon the party challenging competency. *In re Estate of Taggart*, 95 N.M. 117, 619 P.2d 562 (Ct.App. 1980); *see also In re Estate of Head*, 94 N.M. 656, 615 P.2d 271 (Ct.App.1980).

■ The trial court correctly denied defendant's motion to dismiss for failure to join an indispensable party because the pleadings herein expressly indicate the father was a party to the action. Paragraph 1, of plaintiff's complaint states:

> I. Plaintiff is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico and brings this action on his own behalf and as attorney in fact for Daniel Roybal, having been granted Power of Attorney by document dated April 7, 1982 * * *.

Although the caption of the suit lists only plaintiff as the party bringing the suit, paragraph 1 states the action is brought on behalf of plaintiff and "as attorney in fact for Daniel Roybal". Since the body of the complaint alleges that the action is brought on behalf of the father, the failure to list the father in the caption will not defeat the action herein. An amendment to conform the caption to the evidence and remainder of the pleading is proper even after trial on the merits. NMSA 1978, Civ.P.R. 15 (Repl. Pamp.1980).

## II. Propriety of Constructive Trust

(A) Defendant attacks both the sufficiency of the evidence to support the trial court's findings and conclusions imposing a partial constructive trust, and the propriety of imposing a constructive trust upon the

property encompassed in the deed from her father.

Defendant argues that her father had sufficient mental capacity at the time of signing the deed to her to understand the nature of the transaction. Defendant also contends the deed was a gift from her father; however, the trial court refused to adopt defendant's requested findings as to a gift.

█ Proof of the father's mental competency at the time of execution of the deed is not the controlling issue. Rather it is whether there was undue influence exercised by defendant so that the transfer was not his free will. A person may be mentally competent, but a transaction performed by him may be invalidated if it is the result of undue influence. *Ostertag v. Donovan,* 65 N.M. 6, 331 P.2d 355 (1958); *see also Hummer v. Betenbough,* 75 N.M. 274, 404 P.2d 110 (1965).

█ The trial court's denial of defendant's requested findings of fact asserting a gift of all of his lands to defendant was supported by substantial evidence. Where a party has the burden of proof on an issue and requests findings on that issue, which findings are refused, the legal effect of the refusal is a finding against that party. *H.T. Coker Const. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). The issue of undue influence is a question for the fact finder. *Hendricks v. Porter,* 110 N.W.2d 421 (N.D.1961).

█ A parent-child relationship standing alone is insufficient to create a fiduciary relationship. *Galvan v. Miller,* 79 N.M. 540, 445 P.2d 961 (1968); *McElhinney v. Kelly,* 67 N.M. 399, 356 P.2d 113 (1960). The trial court, however, found that following her father's illness in early 1980, he was persuaded by defendant to live in Albuquerque at her home. Defendant testified that he was always with her, he could no longer care for himself, he was dependent on her, he placed great trust in her, she made decisions for him, she handled his money, wrote his checks, made his deposits, fed, housed and nursed him. The evidence indicated

the father was in poor health, physically feeble and readily susceptible to influence. The trial court found, *inter alia,* that "[t]hese conditions existed ... at the time he executed the deed of July 16, 1980, and he thereafter remained with her until he suffered further physical debilitation and was placed in a nursing home." Defendant selected the attorney who prepared the deed. *See Hummer v. Betenbough,* 75 N.M. at 274, 404 P.2d 110. The father had on repeated previous occasions stated that it was his intention to leave his property equally to both plaintiff and defendant, and he had previously refused defendant's request to deed all his property solely to her.

The trial court found that defendant's father did not know that the deed executed by him to defendant excluded plaintiff, that the father did not intend to execute an instrument transferring all of his real estate to defendant, and that he would not have signed the deed if he had known that it excluded plaintiff. Based on these findings the trial court concluded that the father did not understand the nature and consequences of the deed.

█ Following defendant's procurement of the deed from her father, she concealed its existence. Defendant did not tell plaintiff that she had obtained the deed until almost two years after the transfer. This is a factor which supports the trial court's finding of undue influence. *Ostertag v. Donovan,* 65 N.M. 6, 331 P.2d 355. To uphold a finding as to the exertion of undue influence, the evidence must be clear, satisfactory and convincing. *Giovannini v. Turrietta,* 76 N.M. 344, 414 P.2d 855 (1966). The confidential relationship, the opportunity and susceptibility of influence, the circumstances surrounding the procurement of the deed, the father's earlier repeated refusals to give such a deed, the unequal disposition of the property, and the secrecy of defendant all support the trial court's finding on this issue. *Galvan v. Miller,* 79 N.M. 540, 445 P.2d 961.

█ Defendant cites evidence and testimony at trial that her father was mentally

alert when he signed the deed to her and that he was aware of what he was doing and intended to give a deed of his property solely to defendant. Evidence as to the existence of mental acumen and competency of a grantor at the time of a questioned transaction does not preclude a finding as to the exertion of undue influence by a grantee. The issues of mental capacity and undue influence are separate and distinct. D. Dobbs, *Handbook on the Law of Remedies* § 10.3 (1973).

Defendant admitted on cross-examination that on the way to Las Vegas to sign the deed, her father asked her, "Where are we going?" Defendant responded that they were going to see an attorney. The father's deposition and a written statement given by him were introduced at trial, but the father did not testify in person. The father's testimony indicated that it was his intention to leave his property equally to both plaintiff and defendant. Defendant argues that since her father's stroke in May, 1981, his memory has been impaired and that he cannot now recall executing the deed to her. Defendant's requested finding of fact that her father had been incompetent since May 1981, was refused by the trial court. The fact that there may have been evidence which would have supported a different finding does not require reversal for failure to adopt a requested finding. *Trujillo v. Romero,* 82 N.M. 301, 481 P.2d 89 (1971). Facts found by the trial court, including those negatived by rejection, are controlling on review. *Kimberly, Inc. v. Hays,* 88 N.M. 140, 537 P.2d 1402 (1975).

The trial court expressly found that the father "at all times relevant hereto has continued to recognize the natural objects of his affection, and is and has remained capable of transacting business * * *." The adoption of this finding, together with the rejection of defendant's requested finding that the father had been incompetent since his stroke in 1981, had the effect of validating the adoption of plaintiff.

It is for the trier of fact to resolve conflicts in the evidence. On appeal we do not weigh the evidence. *Cardenas v. United Nuclear Homestake Part.,* 97 N.M. 46, 636 P.2d 317 (Ct.App.1981). Findings are to receive such construction as will uphold rather than defeat a judgment. *Id.* The trial court's findings of undue influence are supported by proper evidence.

(B) Defendant also contends that the trial court erred in imposing the remedy of a constructive trust upon the deed executed by her father.

A constructive trust is one which does not arise by express agreement of the parties, but is an equitable remedy imposed so that justice may be effected in a proper manner. *Boardman v. Kendrick,* 59 N.M. 167, 280 P.2d 1053 (1955). Although a constructive trust may be imposed in a proper case where property is obtained by undue influence, it was improper under the facts herein. In light of the trial court's finding that defendant obtained by exerting undue influence upon her father, the deed should have been declared invalid in its entirety.

A party seeking equity must do equity. *Shanafelt v. Holloman,* 61 N.M. 147, 296 P.2d 752 (1956). Since the property which is the subject matter of this litigation was obtained by the defendant from her father by undue influence, the granting of a constructive trust to plaintiff and defendant is a far reaching remedy affecting the present interests of the father. In fashioning relief in equity it is the duty of the court to strike a proper balance between protecting the rights of the parties and the consequences of imposing a constructive trust. The effect of granting a constructive trust on the realty described in the deed to defendant was to irrevocably deprive the father of his present interest in his property without his freely expressed intention to do so, and without his explicit ratification of such conveyance.

On appeal, we are bound by the trial court's findings of fact unless they are demonstrated to be clearly erroneous or not supported by substantial evidence. *Ortega v. Montoya,* 97 N.M. 159, 637 P.2d 841

**312**

(1981). We are not bound by the trial court's conclusions of law. *Martinez v. Martinez,* 93 N.M. 673, 604 P.2d 366 (1979).

The trial court found that the father, on numerous occasions, expressed a desire to convey all his property to both plaintiff and defendant. This expression does not support the conclusion that a constructive trust should be imposed on the realty in favor of both children, in the absence of any evidence that the free will and intent of the father was to *presently* divest himself of all his interest in the realty. At trial no evidence was presented as to the financial resources of the father or his present ability to maintain and care for himself should he be divested of such realty.

To justify the imposition of equitable relief in the form of constructive trust, the remedy must be fair as to each party, including the grantor himself. Although the imposition of a constructive trust is proper where the victim of undue influence has suffered a wrong, Dobbs, *Remedies,* § 10.3, here the father was the victim. A presumption of unfair conduct arises where the effect of a transfer may be to impoverish the donor. *Ostertag v. Donovan,* 65 N.M. at 13, 331 P.2d 355. The father, because of infirmity and age, was unable to testify in person at trial. His testimony was presented by deposition taken almost two months prior to trial. Nothing in the deposition disclosed a present intention on the part of the father to divest himself of his realty.

Under circumstances wherein a party who has given a power of attorney, is subsequently alleged to have become incompetent, and the agent under the power of attorney asserts legal claims which if successful will divest his principal of property—the trial court has a duty to inquire into the present status of the mental condition of the principal and, if necessary, appoint a guardian *ad litem* to protect and represent the present interests of the father in the litigation. NMSA 1978, Civ.P.R. 17(c) (Repl.Pamp.1980).

The trial court's findings of undue influence in the procurement of the deed by defendant are affirmed. The amended judgment of the trial court is affirmed, except that portion of the judgment which imposes a constructive trust. The constructive trust is set aside and the case remanded with instructions to enter judgment voiding the deed to defendant and revesting title of the real property in the father.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.