This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42560**

**WILLIAM N. GRIFFIN,**

       Plaintiff-Appellee,

v.

**L-J PLAYA LAKE RANCH, LLC,**
**a New Mexico Limited Liability**
**Company,**

       Defendant-in-Intervention-
       Appellant,

and

**DAVID ARELLANES, LUCILLE**
**BACON, VIRGINIA BENNETT,**
**JOHN D. & KATHERINE L. BODUTCH,**
**RICHARD & BARBARA CAMPBELL,**
**BERNIE & ELENA CANO, JOSEPH &**
**MILDRED DESCALA, KENNETH GEORGE,**
**BETTY GOERKE, PATRICIA A. GOODBERRY,**
**JOAN ARNOLD, KENT HEADY, PENNY**
**KOSTER BAKER, ROSA LOZANO,**
**GLENDA PARK, LESLEE C. SCHWARTZ,**
**WILLA SCRUGGS, CHARLES HENRY**
**SHATTUCK, BARBARA TRANSUE,**
**BARBARA WATTS, and ELSIE MARIE**
**WENDEL,**

       Plaintiffs-in-Intervention.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Michael A. Aragon, District Court Judge**

William N. Griffin

Ruidoso, NM

Pro Se Appellee

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
A. Howland Swift
Albuquerque, NM

Pottow Law, LLC
Michael T. Pottow
Santa Fe, NM

for Appellant L-J Playa Lake Ranch, LLC

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}**     Defendant appeals from the district court's entry of judgment in favor of Plaintiff, finding that the original deed and conveyance created an express or implied roadway easement. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition that included a motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend the docketing statement and affirm.

**{2}**     We begin by briefly addressing Defendant's argument that we improperly held it to the incorrect standard on appeal in its docketing statement. This Court cited *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108, for the proposition that an appellant is bound by the district court's findings of fact on review unless the appellant properly attacks the findings on appeal. [CN 4, 6] Defendant argues that it was not necessary to challenge the district court's findings of fact in the docketing statement because doing so is a "briefing requirement" and expressly prohibited under Rule 12-208(D)(5) NMRA. [MIO 3-5] Defendant claims this requirement is impossible because the record proper is transferred to this Court after filing the docketing statement, avoids the merits of cases on appeal, and promotes "form over substance." [MIO 4-5] Finally, Defendant requests that we allow it to "amend the docketing statement on [this] basis." [MIO 3-4 n.1]

**{3}**     A brief review of our case law shows that Defendant's argument lacks merit because it mischaracterizes appellate burdens and standards of review as briefing requirements. "It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case." *State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355; *see also Blaze Constr. Co. v. N.M. Tax'n & Revenue Dep't*, 1994-NMSC-110, ¶ 24, 118 N.M. 647, 884 P.2d 803 ("It is well established that an appellate court will not

find facts on appeal."). As such, and consistent with the presumption of correctness in the district court's ruling applied in every appeal, we require appellants to directly attack findings or be bound by those facts on appeal in the same way that this Court is bound by the findings on review. *See Roybal v. Morris*, 1983-NMCA-101, ¶ 30, 100 N.M. 305, 669 P.2d 1100 ("On appeal, we are bound by the trial court's findings of fact unless they are demonstrated to be clearly erroneous or not supported by substantial evidence."). Because Defendant did not challenge the findings of fact cited to in our proposed disposition as unsupported by substantial evidence, both Defendant and this Court are bound by those findings. *See Komis v. Farmers Ins.*, ___-NMCA-___, ¶ 16, ___ P.3d ___ (A-1-CA-41014, July 8, 2025).

**{4}** Even now in its memorandum in opposition, Defendant does not argue that the findings of fact this Court cited to in its calendar notice were incorrect or unsupported. [MIO 3-6] Rather, Defendant only challenges the legal conclusion from these facts on the same grounds raised in its docketing statement. [MIO 3-12] Because of Defendant's continued failure to articulate with any specificity how it would challenge the district court's factual findings, we conclude that Defendant has failed to raise any viable issues challenging the sufficiency of the findings and deny the motion to amend. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (declining to grant a motion to amend where the issue to be asserted is not viable).

**{5}** Turning now to the merits, Defendant maintains that the district court erred for the same reasons asserted in the docketing statement. Defendant first asserts that the conveyance of the easement was not sufficiently particular, and therefore there was insufficient evidence, relying on the same citation to *Komadina v. Edmondson*, 1970-NMSC-065, ¶ 11, 81 N.M. 467, 468 P.2d 623. [MIO 6-10] While Defendant acknowledges that the conveyance was sufficiently particular for the tract of land itself, Defendant continues to argue that the conveyance failed to exactly define the location and bounds of the easement. [MIO 9-10]

**{6}** This Court proposed to conclude that the district court's determination that the original deed conveyed an easement was supported by substantial evidence. [CN 3-5] First, this Court disagreed with Defendant's limited reading of *Komadina* because *Komadina* clarified that "[i]t is presumed that the grantor in a deed of conveyance intended to convey something and the deed will be upheld unless the description is so vague or contradictory that it cannot be ascertained what land in particular is meant to be conveyed." *Id.* ¶ 12. [CN 3] As such, we proposed to conclude that there was sufficient evidence based on the following:

> (1) all deeds relevant to the instan[t] case "spring from, and refer to" the original conveyance deed; (2) a portion of the land was split into various five-acre parcels, and these parcels are included in the "Speiss a[n]d Davis" tract map referenced in the deeds; (3) testimony from the county clerk established that the tract map was appropriate extrinsic evidence for locating the tracts, although not officially recorded; (4) the deeds conveyed included reference to the tract map and road easements; (5) a surveyor

later plotted the five[-]acre tracts and a record was filed with the county clerk, serving as notice of the easements; and (6) when Defendant previously attempted to purchase some of the five-acre parcels, Defendant stated it attempted to purchase the property subject to the easements of record.

(citations omitted) [CN 3-5]

**{7}**    Despite Defendant's repeated request that we read *Komadina* narrowly [MIO 6-7], emphasizing that the evidence cannot "reduce[] to certainty" the location of the easement [MIO 7-9], and attempts to differentiate our precedent [MIO 9-10], Defendant acknowledges that the tract map incorporated into the conveyance places the roadway easements on the western and eastern boundaries of each tract as drawn on the tract map itself. [MIO 9] Although Defendant argues that the easements cannot be effectuated because the tract map does not exactly define the scope of the easements, *Komadina* does not require such a hyper technical description. Rather, a description is sufficient so long as the description is not "so vague or contradictory that it cannot be ascertained what land in particular is meant to be conveyed." *Id.* ¶ 12. Finally, we decline Defendant's request that we should view the evidence presented to the district court as insufficient "as a matter of law." [MIO 8-10] Such a request amounts to little more than a request to reweigh evidence, which we will not do. *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 ("We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." (alteration, internal quotation marks, and citation omitted)).

**{8}**    As such, Defendant does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. Rather, Defendant's arguments reassert the same contentions and do not direct this Court to error in our proposed resolution of this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward" and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our previous analysis in our proposed summary disposition.

**{9}**    Defendant also maintains that the district court abused its discretion by allowing the parties or a special master to determine the precise location of the easement. [MIO 10-12] Defendant contends that, because the conveyance violated *Komadina*, "[a]llowing the district court to 'relocate' the easement when the easement has not been located in the first instance is putting the cart before the horse." [MIO 11] This Court proposed to conclude that the district court did not abuse its discretion by allowing the parties or a special master to relocate the roadway easements to conform with the

roadways that exist in the area under the district court's equitable powers to relocate existing easements. [CN 5-6]

**{10}** Like Defendant's docketing statement, Defendant's argument now is based entirely on the idea that the easement conveyance violated *Komadina*. [MIO 10-11] But, as we proposed to conclude in our calendar notice and conclude now, the district court's determination that the original deed conveyed an easement was supported by substantial evidence. Therefore, *Komadina* does not apply. *See* 1970-NMSC-065, ¶¶ 11-12. As such, Defendant's reframing of the district court's decision to relocate the easements to comply with existing roadways as "creating" the easements in the first instance is unpersuasive. Defendant has therefore not cited to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10.

**{11}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{12}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**ZACHARY A. IVES, Judge**