690 P.2d 1016

**STATE of New Mexico, ex rel. GOOD-MANS OFFICE FURNISHINGS, INC., an Arizona corporation, Plaintiff-Appellant and Cross-Appellee,**

v.

**PAGE & WIRTZ CONSTRUCTION COMPANY, a New Mexico corporation, and Safeco Insurance Company, a Washington corporation, Defendants-Appellees and Cross-Appellants.**

No. 14729.

Supreme Court of New Mexico.

Nov. 1, 1984.

Rehearing Denied Nov. 21, 1984.

Rodey, Dickason, Sloan, Akin & Robb, James S. Starzynski, Albuquerque, for plaintiff-appellant and cross-appellee.

Roy F. Miller, Jr., Hartley Wess, Albuquerque, for defendants-appellees and cross-appellants.

## OPINION

STOWERS, Justice.

This appeal arose from a suit filed in Bernalillo County to recover damages under the provisions of the New Mexico Miller Act, NMSA 1978, Sections 13–4–18 to –20 (Repl.Pamp.1983). The district court found in favor of the appellant, Goodmans Office Furnishings, Inc. (Goodmans), but offset the damage award and awarded no prejudgment interest or attorney fees. Goodmans appeals, and the appellees, Page & Wirtz Construction Company (Page & Wirtz) and Safeco Insurance Company (Safeco), cross-appeal. We affirm the district court.

Goodmans raises three points on appeal:

(1) Whether the district court erred in denying prejudgment interest and attorney fees;

(2) Whether the district court erred in deducting from the damage award the cost of unincorporated excess materials; and

(3) Whether the district court erred in applying the full amount of a payment to the outstanding balance due on the project.

Page & Wirtz was the general contractor and Safeco was the surety on the Eastern New Mexico Medical Project (Project). Page & Wirtz selected Building Corporation of America, Inc. (BCA) as the sub-contractor to supply and install hospital furnishings and equipment on the Project. These furnishings were ordered by BCA from Goodmans. Goodmans was also providing equipment to BCA on four other building projects.

The district court found that on or about August 7, 1978, Goodmans made demand upon Page & Wirtz, allegedly pursuant to Section 13–4–19, for the sum of $22,096.73 plus service charges. On or about August 14, 1978, BCA made a $10,000 payment, to be applied to the outstanding debt on the Project. However, Goodmans apportioned this payment to four other BCA accounts and only applied $1,694.28 to the Project. Goodmans then filed its complaint on November 9, 1978 as a materialman seeking to recover for the furnishings and equipment supplied. Page & Wirtz and Safeco filed a motion to dismiss, and the district court allowed Goodmans to file an amended supplemental complaint. The district court denied a subsequent motion to dismiss.

■ Goodmans argues that the district court erred in denying them prejudgment interest and attorney fees. Goodmans claims that the district court erroneously found and concluded that neither interest nor attorney fees could ever be recovered under the New Mexico Miller Act. This is a misinterpretation of the district court's findings. In its findings, the district court merely acknowledges that the New Mexico Miller Act does not specifically provide for an award of attorney fees or interest. Absent authority or rule of the court, attorney fees are not recoverable as an item of damage. *Keller v. Cavanaugh*, 64 N.M. 86, 324 P.2d 783 (1958). Interest, even if allowed by statute, is still a matter within the discretion of the district court. *See*

**24**

*Kennedy v. Moutray*, 91 N.M. 205, 572 P.2d 933 (1977).

■ Goodmans claims that attorney fees are still collectible if called for by the underlying contractual agreement. However, in this case, the district court found that there was no contract between Goodmans and Page & Wirtz. A decision of the district court will not be reversed unless it appears that its findings and conclusions cannot be sustained either by evidence or permissible inferences therefrom. *Lujan v. Pendaries Properties, Inc.*, 96 N.M. 771, 635 P.2d 580 (1981). There is sufficient evidence in the record to support the district court's findings and conclusions.

■ Goodmans asserts that the district court erred in deducting the cost of excess materials from Goodmans' damage award. The district court allowed Page & Wirtz a credit of $8,713.85 for excess materials and equipment delivered but not incorporated in the Project. Goodmans does not contest the non-use of the materials but claims that mere delivery of materials for use in the Project, as opposed to actual incorporation, is sufficient to allow recovery. We disagree. The record indicates that Goodmans examined the plans and specifications and determined how much hospital furnishings and equipment the Project required. Goodmans prepared the order for BCA and the Project, and ordered the equipment and materials. The district court properly determined that Page & Wirtz was entitled to a credit against any monies due and owing to Goodmans from BCA for the cost of excess equipment and materials. Findings of fact which are supported by substantial evidence will not be disturbed on appeal. Moreover, findings are to be liberally construed in support of a judgment, and such findings are sufficient if a fair consideration of all of them taken together justifies the trial court's judgment. *H.T. Coker Construction Co. v. Whitfield Transportation, Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

■ Finally, Goodmans argues that the district court erred in applying a $10,000 payment to the outstanding balance due on the Project. The district court found that the August 14, 1978 payment of $10,000 to Goodmans was monies which BCA received from Page & Wirtz and delivered to Goodmans to be applied entirely to the Project. Contrary to its admitted standard policy of contacting a customer to determine the application of unspecified payments, Goodmans apportioned the $10,000 payment to four other separate BCA accounts and then applied the balance of $1,694.28 to the Project. Goodmans contends that it followed its regular custom of applying payments and that a creditor may apply an unspecified payment as it wishes. A review of the record indicates that conflicting evidence and testimony was presented regarding the parties' intent in applying the $10,000 payment to the Project debt. This Court will not re-weigh the evidence or decide the credibility of witnesses. That is the function of the trier of facts. *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967). In this case, substantial evidence exists to support the district court's findings.

On cross-appeal, Page & Wirtz and Safeco argue that Goodmans is not entitled to any damages due to its failure to comply with the notice and ninety day suit provision of Section 13–4–19(A), which states in pertinent part that there is a right of recovery against the general contractor's bond, if a supplier gives:

> written notice to said contractor within ninety days from the date on which such person * * * furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed, and the name of the party to whom the material was furnished or supplied * * *.

This Court previously recognized that compliance with the statutory notice provision is a necessary prerequisite to recovery. *State ex rel. W.M. Carroll & Co. v. K.L. House Construction Co.*, 99 N.M. 186, 656 P.2d 236 (1982). This Court has also stated that:

[t]he statute is remedial in nature and that its principal purpose is to protect the supplier of labor and materials, and that it should be liberally construed to effectuate the obvious legislative intent.

*Id.* at 187, 656 P.2d at 237.

In the present case, Goodmans provided several notices of non-payment and filed the first complaint before it completed delivery of certain materials. Page & Wirtz and Safeco claim that premature notice does not satisfy the requirements of Section 13–4–19. We disagree. The notice requirement does not prevent a supplier from giving adequate notice prior to the expiration of the ninety day time limit. Moreover, other jurisdictions have determined that this type of notice is not premature, and that notice is timely sent even if it precedes a final delivery of material. *See Stauffer Construction Co. v. Tate Engineering, Inc.,* 44 Md.App. 240, 407 A.2d 1191 (Md.Ct.Spec.App.1979), *cert. denied,* 286 Md. 753 (1980). Moreover, Page & Wirtz and Safeco have not shown any prejudice by the early notice and filing of the complaint. Notice and filing of suit for nonpayment prior to the delivery of the last items is not a defect which requires dismissal of the action.

Page & Wirtz and Safeco also argue that Goodmans' first amended and supplemental complaint was barred by the statute of limitations, Section 13–4–19(C), which provides in pertinent part:

[E]very suit instituted under this section shall be brought in the name of the state of New Mexico for the use of the person suing in the district court in any judicial district in which the contract was to be performed and executed, or where the claimant resides, but no such suit, * * * shall be commenced after the expiration of one year after the date of final settlement of such contract.

Goodmans filed its initial complaint on November 9, 1978. Page & Wirtz filed its motion to dismiss on July 28, 1980. The district court, rather than dismiss the complaint, allowed Goodmans to file an amended and supplemental complaint.

Page & Wirtz and Safeco claim that the order of March 20, 1981 denying their motion to dismiss and allowing Goodmans to file their amended complaint violates the one year statute of limitations. We disagree. The district court properly allowed the filing of the supplemental complaint to eliminate any alleged jurisdictional defects. The decision of the district court was therefore in keeping with the remedial nature of the statute. *See State ex rel. W.M. Carroll & Co. v. K.L. House Construction Co.* There has been no prejudice shown by the filing of the supplemental complaint. In the absence of any resulting prejudice, such amended pleadings will be allowed.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., concur.