819 P.2d 264

Craig L. **HERRERA**, Plaintiff–Appellant,

v.

The **ROMAN CATHOLIC CHURCH**, Archdiocese of Santa Fe, a Corporation Sole, et al., Defendants–Appellees.

No. 10916.

Court of Appeals of New Mexico.

July 11, 1991.

718

---

Matthew L. Chacon, Espanola, for plaintiff-appellant.

William S. Keller, Santa Fe, for defendants-appellees Frances and Jose Tranquilino Martinez.

George M. Scarborough, Santa Fe, for defendants-appellees Orlando and Florence Martinez.

## OPINION

DONNELLY, Judge.

Plaintiff, Craig L. Herrera, appeals from a final judgment upholding an easement by necessity in favor of defendants Jose Tranquilino and Frances Martinez, husband and wife, and Orlando and Florence Martinez, husband and wife (defendants) over lands owned by plaintiff. The single issue presented on appeal is whether the trial

court erred in finding that defendants established an easement by necessity. We affirm.

This is the second appeal arising out of the same quiet title suit. During the initial trial, defendants admitted that plaintiff was the owner in fee simple of three adjoining parcels of land, described as Tracts A, B, and C in plaintiff's suit to quiet title. Defendants, however, counterclaimed, alleging the existence of an easement running from their home on an adjoining tract across plaintiff's property to a public highway. The issues involving the other named defendants, including the Archdiocese of Santa Fe, have been previously resolved.

In its original judgment, the trial court found that defendants were the owners of an express easement across plaintiff's property. Following an appeal, this court, in a memorandum decision, held that defendants failed to establish the existence of an express easement, but remanded the case to the trial court for entry of additional findings and conclusions to determine whether the evidence in the record supported defendants' alternative claim of an easement by necessity.

Following remand, the trial court entered an amended judgment on July 20, 1988, finding that defendants were the owners of an easement by necessity from their property across plaintiff's land to the Taos Highway (U.S. Highway 68). As shown by the record, plaintiff's property consists of three adjoining parcels; the land owned by defendants abuts the western edge of plaintiff's Tract A. The easement by necessity found by the court extends from defendants' land on the west, easterly across each of the three tracts owned by plaintiff to U.S. Highway 68. The land west of defendants' property belongs to the San Juan Pueblo and is swampy and inaccessible by vehicular traffic. The land north and south of the three tracts belonging to plaintiff is owned by third parties who were not joined in the lawsuit. Formerly, a dirt road referred to as El Camino Real extended from an area near defendants' land and ran north to San Juan Pueblo. The road, however, has been closed for many years and has never been accessible during the period that defendants have owned their property. In order to gain access from defendants' land to the area where the previous roadway existed, it was necessary to cross a portion of the lands now owned by plaintiff, which were formerly held by the same landowner who owned the tracts now belonging to both plaintiff and defendants. A prior lawsuit initiated by defendants, which sought to have declared a permanent right of access to and from their property across the lands of adjoining third parties, was dismissed with prejudice.

The trial court in the instant case determined that all of plaintiff's and defendants' lands were previously owned as a single unit by Tomas and Juanita Espinoza, the original patentees. The trial court's decision filed May 27, 1988, also determined that the chain of title of defendants was as follows: Juanita Espinoza and or Tomas Espinoza, to Manuel Borrego, to Celida Borrego Lopez, to Abedon and Gertrudes Borrego, to defendants; that at the time Abedon Borrego purchased what is now the lands of defendants, there was no access from the land to the north or to the south; that the only reasonable route for vehicular traffic in 1974, when defendants acquired the land from Abedon Borrego, was from their east boundary in common with the west boundary of plaintiff's Tract A, and then across Tracts A, C and B; and that neither plaintiff nor his predecessors in interest had previously taken any action to frustrate or foreclose defendants' use of an easement across the three tracts owned by plaintiff and which provided a means of access to defendants' land.

The trial court also found that the easement claimed by defendants follows a route from a public road on the east, westerly across plaintiff's Tracts B, C, and A to defendants' land adjoining plaintiff's Tract A on the west, and such route "is their only access to their land, and is reasonably necessary for them to enjoy ingress and egress to said land. Further, it relates to and concerns property which was commonly owned by Juanita and/or Tomas Espinoza."

Based upon its findings of fact the trial court concluded, among other things:

> A reasonable necessity exists for the finding of an easement in favor of Defendants Martinez across Plaintiff's Tract B, then across Tract C and the bridge across the ditch, and then across the northern boundary of Tract A, to their land adjoining the western boundary of Plaintiff's Tract A. Further, the lands of Plaintiff and Defendants have a common grantor, and Defendants Martinez are owners of such an easement by necessity.

Do the facts in the instant case support the trial court's determination of the existence of an easement by necessity? We answer this question affirmatively.

Plaintiff does not contest any of the findings entered by the trial court or the existence of substantial evidence supporting these findings; instead, he challenges whether the trial court erred as a matter of law in adopting its conclusion of law that defendants had established an easement by necessity, and whether the findings of fact adopted by the trial court were sufficient to support the court's conclusions.

■ Easements may be created by express agreement, prescription or by implication. *Kuhlman v. Rivera*, 216 Mont. 353, 701 P.2d 982 (1985); *Boyd v. McDonald*, 81 Nev. 642, 408 P.2d 717 (1965). An easement by necessity arises from an implied grant or reservation of a right of ingress and egress to a landlocked parcel. *Cf. Otero v. Pacheco*, 94 N.M. 524, 612 P.2d 1335 (Ct.App.1980) (easement for sewer lines by implied reservation where there was reasonable necessity). Necessity for such easement arises from a presumption that, when a grantor conveys property, absent a clear indication to the contrary, the grantor is presumed to have intended to have reserved unto himself, or to have conveyed to his grantees, a means of access to the property in question, so that the land may be beneficially utilized. *See Porter v. Griffith*, 25 Ariz.App. 300, 543 P.2d 138 (1975); *Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165 (en banc), *cert. denied*, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963); *see also Otero v. Pacheco*.

■ Whether an original landowner intended to convey or reserve an easement in order to provide access to a given tract is a question of fact to be determined from the terms of the conveyance and the surrounding circumstances. *Hewitt v. Meaney*, 181 Cal.App.3d 361, 226 Cal.Rptr. 349 (1986). *See also Otero v. Pacheco*. Generally, the law does not favor claims of easement and "the burden is on the party asserting such * * * claim to prove it clearly." *Martinez v. Martinez*, 93 N.M. 673, 676, 604 P.2d 366, 369 (1979) (Payne, J., dissenting). In *Amoco Production Co. v. Sims*, 97 N.M. 324, 326, 639 P.2d 1178, 1180 (1981) our supreme court stated:

> A way of necessity can only arise where an owner of property severs a portion of his property and the portion retained or sold is cut off from access to a public route by the land from which it was severed. *See Close v. Rensink*, 95 Idaho 72, 501 P.2d 1383 (1972). The essential elements which must be proved include unity of title from which the dominant and servient estates are subsequently created. *See, e.g., Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165, *cert. denied*, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963), and 2 G.W. Thompson, *Commentaries on the Modern Law of Real Property*, §§ 362–368 (repl.1980).

■ Thus, to establish an easement by necessity, the proponent must show: (1) unity of title, indicating that the dominant and servient estates were owned as a single unit prior to the separation of such tracts, *Brooks v. Tanner*, 101 N.M. 203, 680 P.2d 343 (1984); (2) that the dominant estate has been severed from the servient tract, thereby curtailing access of the owner of the dominant estate to and from a public roadway; and (3) that a reasonable necessity existed for such right of way at the time the dominant parcel was severed from the servient tract. *Amoco Prod. Co. v. Sims; Otero v. Pacheco; see generally* Annotation, *Locating Easement of Way Created by Necessity*, 36 A.L.R. 4th 770

(1985). Plaintiff does not dispute the existence of the first two elements. He argues, however, that the trial court's findings are insufficient to establish the existence of the third element and that, at the time of the initial severance of defendants' lands, their predecessors in title had another access to their lands by means of El Camino Real. Plaintiff also argues that defendants had access to their property by means of a permissive right of ingress and egress via Martinez Lane until 1983, and that this means of access as a matter of law precludes the grant of an easement of necessity.

■ We agree with plaintiff that for an easement by necessity to exist the "necessity" for the creation of the easement and the unity of title must be shown to have concurrently existed. *See Othen v. Rosier,* 148 Tex. 485, 226 S.W.2d 622 (1950); *Savage v. Nielsen,* 114 Utah 22, 197 P.2d 117 (1948). We disagree, however, that the trial court's findings are insufficient to support its determination that defendants established the existence of an easement by necessity. Viewing the trial court's findings in a light most favorable to the judgment entered below, we conclude that the court's declaration of an easement by necessity is properly supported by the evidence, and that the basis for the court's decision is sufficiently embodied in the court's findings and conclusions.

■ Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it. *See Newcum v. Lawson,* 101 N.M. 448, 684 P.2d 534 (Ct. App.1984); *Roybal v. Morris,* 100 N.M. 305, 669 P.2d 1100 (Ct.App.1983); *Herndon v. Albuquerque Pub. Schools,* 92 N.M. 635, 593 P.2d 470 (Ct.App.1978). Findings of fact may properly be given a liberal interpretation if the interpretation is supported by the evidence. If, from the facts found, the other necessary facts may be reasonably inferred, the judgment will not be disturbed. *Newcum v. Lawson.* Although the trial court did not expressly adopt a finding that at the time of the initial severance of defendants' lands by the original

patentees a necessity existed for an easement over the property of the grantors, the court found that prior access to a public road from defendants' lands was over El Camino Real, a dirt road which crossed what is now denominated as Tract B of plaintiff's land and then led across tribal land to San Juan Pueblo. The court's findings indicated that defendants had no irrevocable right to use such road, and that this road was subsequently closed, eliminating such route as an accessible means of ingress or egress. The fact that defendants had an alternative permissive route was irrelevant. If the permissive or revocable alternative means of access is terminated, defendants may avail themselves of an easement by necessity implied in the deed severing the original estates. *Finn v. Williams,* 376 Ill. 95, 33 N.E.2d 226 (1941). As observed by 3 R. Powell, *The Law of Real Property,* Paragraph 410, at 34–80 to –81 (1991), "It is no barrier to the finding of an easement by necessity that the benefited parcel is accessible under ·[revocable] permission to cross other land...." (Footnote omitted.) Revocable permission to use another's property does not negate an easement by necessity. *See Finn v. Williams; Maupin v. Bearden,* 643 S.W.2d 860 (Mo.Ct.App.1982). Thus, as long as the basis for the easement arose at the time of the initial severance, an easement by necessity may still exist despite the existence of a means of ingress and egress based upon a revocable permissive use over lands of a third party. *See Finn v. Williams.* In the instant case the trial court additionally found that defendants' alternative means of access over private lands owned by third parties had been revoked.

■ The trial court is required to make findings only with regard to ultimate facts. *Empire West Cos. v. Albuquerque Testing Laboratories, Inc.,* 110 N.M. 790, 800 P.2d 725 (1990). Viewed in their entirety, the findings of the trial court reasonably support the court's decision that defendants were the owners of an easement by necessity across the lands owned by plaintiff and indicate that defendants lacked an alternative non-permissive or irrevocable means of

access to their property at the time of the initial conveyance and severance of their property from that owned by the original patentees. *See Reeves v. Wimberly,* 107 N.M. 231, 755 P.2d 75 (Ct.App.1988) (upon doubtful or deficient record every reasonable presumption will be indulged in to support the correctness and regularity of the trial court's decision); *State ex rel. Goodmans Office Furnishings, Inc. v. Page & Wirtz Constr. Co.,* 102 N.M. 22, 690 P.2d 1016 (1984) (findings of the trial court are sufficient if a fair consideration of all of them taken together justifies the judgment).

In *Finn* the court determined that where a parcel of land is severed from the original tract, creating a situation where one parcel of land has no access to a public roadway except over the remaining lands of the grantor or strangers, an easement over the remaining lands of the grantor may be implied from the grant. In such situation, the easement need not be put to continuous use but may lie dormant through successive grantees so as to be available to a subsequent grantee. *Id.,* 376 Ill. at 99, 33 N.E.2d at 228 (citing 17 Am.Jur. *Easements* § 49).

The circumstances in *Finn* are analogous to the facts of the instant case. Here, the lands of both plaintiff and defendants were previously held as a single unit by the owners; both parties derived their titles from the same original source. The evidence supports an inference that a reasonable necessity existed for the easement at the time of the original severance.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.