This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHAEL BRANCH,**

     Petitioner-Appellant,

v.                   **NO. 30,740**

**ROBBIN BRANCH,**

     Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Law Offices of Jane B. Yohalem
Jane Bloom Yohalem
Santa Fe, NM

for Appellant

Titus & Murphy Law Firm
Jennifer D. Yoder
Farmington, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Husband challenges the division of property in this divorce case. In particular, Husband claims that the Arizona home should have been designated by the district court as his separate property. We proposed to affirm the district court's decision in

two calendar notices, and we have received responses from Husband. After due consideration of Husband's arguments, we affirm.

In this case, the parties owned separate homes in Alaska prior to marriage. Both parties sold their homes before moving from Alaska. [DS 4] Husband deposited the proceeds from his Alaska home into his separate account, an account in which community funds were also deposited. Prior to marriage, the parties entered into a premarital agreement providing that, "[e]ach party shall have an equal interest in the property acquired by the parties during the course of the marriage, if that property is titled in the name of both parties." [RP 101] A home was purchased in Arizona. The home was titled in the names of both parties and the mortgage was paid with community funds. Husband claims that the down payment for the home was paid out of his separate bank account with proceeds from the sale of his separate Alaska property. Therefore, Husband claims, the Arizona home is his separate property.

Property acquired by either or both parties during their marriage is presumptively community property, a presumption that is subject to being rebutted by a preponderance of the evidence. *See Stroshine v. Stroshine*, 98 N.M. 742, 743, 652 P.2d 1193, 1194 (1982); *see also* NMSA 1978, § 40-3-12 (1973). In order to overcome the presumption of community property, separate property must be traceable and it cannot be so intermingled with community property that it cannot be

identified. *Mitchell v. Mitchell*, 104 N.M. 205, 212, 719 P.2d 432, 439 (Ct. App. 1986). Husband, the party claiming that the property is his separate property, had the burden of presenting evidence to establish separate ownership by a preponderance of the evidence. *See English v. Sanchez*, 110 N.M. 343, 345, 796 P.2d 236, 238 (1990).

Based on the evidence presented at trial, the district court found that the down payment on the home was made from an account in which proceeds from the sale of Husband's separate property as well as community funds were deposited. Funds from the account, including community funds, were used to pay the mortgage on the home. In addition, Wife testified that the parties intended for the house to be community property. While the district court did not specifically use terms such as "traceable" or "intermingled" in making its decision about the house, it is clear from the findings and conclusions of the district court that it did not believe that Husband presented sufficient proof that the separate proceeds from Husband's Alaska home were traceable or were not so intermingled with community funds that they could be identified. In other words, Husband did not rebut the presumption that the house was community property.

Husband continues to claim that the district court applied the wrong standard of view in that the burden should have been placed on Wife to show that Husband intended to transmute his separate property into community property. We hold that

the correct standard was applied in this case. As discussed in our second notice, community property is property acquired during marriage and is attributable to the earnings of one or both parties. *Swink v. Fingado*, 115 N.M. 275, 292-93, 850 P.2d 978, 995-96 (1993). The Arizona home in this case was acquired during marriage and was attributable to both separate and community property. The home was not purchased entirely with Husband's separate property and Husband's separate property was not merely placed into joint tenancy with Wife, which would be required before shifting the burden to Wife to establish transmutation. Therefore, the home is presumptively community property and Husband bore the burden of proving otherwise. Husband did not meet that burden.

Husband argues that this Court is misreading the district court's decision. According to Husband, the court did not make a finding that his separate funds were converted to or commingled with community funds, and without such a finding, the court could not apply the presumption of community property. [MIO 5] Husband contends that the district court "plainly agreed" that the house was acquired with Husband's separate "traceable" funds. [Id.] Husband claims that he was paid just over $167,000 for the Alaska house and he paid just over $161,000 down on the Arizona house. [MIO 4] Also, Husband states, "[t]he court found that remaining $6,000 from the sale of Husband's Alaska house were used to pay a community credit

4

card bill." [Id.] Husband refers to dollar amounts that do not appear in the record below, including in Husband's proposed findings, the tape log, or the district court's findings and conclusions. We decline to read into the findings information that is not there. In addition, "[u]nless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." *Herrera v. Roman Catholic Church*, 112 N.M. 717, 721, 819 P.2d 264, 268 (Ct. App. 1991). Furthermore, we do not believe that the district court "agreed" with Husband's argument that the Arizona house was acquired with Husband's separate property. The court found that most, but not all, of the separate proceeds were used to buy the Arizona house, and also found that the funds to purchase the home came from an account in which community funds were also deposited. We fail to see how those findings can be interpreted to mean that the Arizona home was acquired with Husband's separate and traceable funds, and we will not read the findings in that manner.

Finally, Husband claims that it was not necessary for him to preserve a claim that Alaska law applies in this case because application of New Mexico laws would lead to the same result. In support of his claim, Husband argues that, in New Mexico as in Alaska, property acquired during marriage by use of separate funds remains separate property. [MIO 6] As previously discussed in this opinion, the district court

did not find that the home was purchased with only separate funds. Therefore, we reject Husband's argument.

The district court properly found that the property was presumptively community property, and that Husband had not met his burden of overcoming the presumption. We affirm the district court's decision.

**IT IS SO ORDERED.**

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**MICHAEL E. VIGIL, Judge**