This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                      **NO. 31,331**

**MICHAEL EVANS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Evans appeals his convictions for second-degree murder and tampering with

evidence. In this Court's notice of proposed summary disposition, we proposed to affirm. Evans has filed a memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. As we are not persuaded by Evans's arguments, we deny the motion and we affirm.

**Sufficiency of the Evidence as to Second-Degree Murder**

Evans contends that he should have been found guilty of voluntary manslaughter, rather than second-degree murder. [DS 10] In our notice of proposed summary disposition, we proposed to conclude that, pursuant to the appropriate standard of review, there was sufficient evidence to support a conviction for second-degree murder. *See In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 (stating that the question is whether the district court's "decision is supported by substantial evidence," not whether it "could have reached a different conclusion"); *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that in evaluating the sufficiency of the evidence, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict").

In his memorandum in opposition, Evans continues to assert that the evidence demonstrated that the killing occurred after sufficient provocation by the victim, such that he could only have been convicted of voluntary manslaughter. [MIO 14-15] As

Evans presents no new facts, authority, or analysis that would persuade this Court that its proposed resolution of this issue was erroneous, we find no error for the reasons stated in the notice.

**Fundamental Error In Closing Argument**

Evans contends that fundamental error occurred when the prosecutor stated that there has been a coarsening of society and that if society accepts behavior like Evans's, then it has a problem. [DS 9, 10] In our notice of proposed summary disposition, we proposed to hold that the statement did not constitute fundamental error. Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), Evans continues to assert that this statement constituted fundamental error. [MIO 15] We find no fundamental error, for the reasons stated in the notice of proposed summary disposition.

**Error in Sentencing Evans as an Adult**

Evans contends that the district court erred in sentencing him as an adult after an amenability hearing. [DS 10] The district court held a hearing pursuant to NMSA 1978, Section 32A-2-20 (2009), at which it reviewed a psychologist's report and heard arguments of counsel. [RP 90, 97] Based on the evidence presented at the hearing and at trial, the district court found that Evans was amenable to treatment as a child, but that there were no facilities available that were appropriate. [RP 97] In essence,

3

this conclusion was that Evans was not amenable to treatment in available facilities—the finding that the court was required to make pursuant to Section 32A-2-20(B). In reaching this conclusion, the court considered the factors required by Section 32A-2-20(C): that second-degree murder is a serious offense; that Evans acted in an aggressive, violent, and willful manner in committing the murder; that he used a high-powered rifle at close range to shoot the victim, who was on the ground at the time; that the crime resulted in the victim's death; that Evans' maturity, environment, and social situation were not more difficult than many others'; that Evans had a significant prior criminal history, including a firearm offense for which he was evading arrest at the time of the murder; and that Evans had turned eighteen during the course of the proceeding, such that the court believed he was too old for detention in a juvenile facility and incarceration in a facility of the Department of Corrections was necessary to protect the public. [RP 97-98]

Evans filed a motion for reconsideration, pointing out that defense counsel had informed the court at the amenability hearing that there was a juvenile facility that would take Evans. [RP 104-05] The district court denied the motion, and restated its previous ruling, stating that it found that Evans was not amenable to treatment in existing facilities. [RP 111]

In our notice of proposed summary disposition, we proposed to hold that the

4

district court did not abuse its discretion in reaching this conclusion. We stated that we did not understand the district court to have stated that there was no facility that would accept Evans, but rather that, in light of the other factors the district court was required to consider, there was no facility that could properly treat him. *See Herrera v. Roman Catholic Church*, 112 N.M. 717, 721, 819 P.2d 264, 268 (Ct. App. 1991) ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it.").

In Evans's memorandum in opposition, he asserts that the psychological report that the district court considered at the hearing stated that in the evaluator's opinion, Evans was amenable to treatment. [MIO 6] This may be so, but the district court was not bound by the evaluator's opinion in making its assessment. A finder of fact may disregard expert opinions, even if those opinions are uncontradicted. *See State v. Alberico*, 116 N.M. 156, 164, 861 P .2d 192, 200 (1993) (stating that "an expert's opinion is not conclusive of a fact in issue even though the opinion may be uncontroverted").

Evans also continues to argue that because he informed the district court that there was a facility that would have accepted him, the district court necessarily abused its discretion in determining that he could not be rehabilitated in available facilities. [MIO 6-8] However, as we stated in our notice, we believe that the district court acted

within its discretion by evaluating the factors outlined in Section 32A-2-20(C) and determining that Evans was not amenable to treatment in the facility that was available.

**Pretrial Publicity**

Pursuant to *Franklin* and *Boyer*, Evans argues that pretrial publicity prejudiced his right to a fair trial. [DS 10, 12; MIO 15-16] He acknowledges, however, that he did not seek a change of venue in the district court. [DS 3] Because Evans did not preserve this issue, we hold that this claim of error does not warrant reversal on appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]").

**Conflict of Interest**

Pursuant to *Franklin* and *Boyer*, Evans contends that the prosecutor's prior representation of Evans's mother in another case constituted a conflict of interest. [DS 11, 13; MIO 17] Again, Evans acknowledges that he did not raise this issue in the district court. [DS 3] Because Evans did not preserve this issue, we hold that this claim of error does not warrant reversal on appeal. *See* Rule 12-216(A).

**Police Procedure**

Pursuant to *Franklin* and *Boyer*, Evans argues that the police procedure in this case violated his right to a fair trial. [DS 11, 13; MIO 18] Because this issue was not

preserved, we hold that it does not warrant reversal. *See* Rule 12-216(A). Furthermore, even if the issue had been preserved, Evans provides no authority to support this claim of error, and we therefore assume that there is none. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**Ineffective Assistance of Counsel**

Pursuant to *Franklin* and *Boyer*, Evans argues that he received ineffective assistance of counsel. [DS 11, 13; MIO 12] "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* Because there is a preference for habeas corpus proceedings over remand, "[a] record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare." *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776.

In order to establish a prima facie case of ineffective assistance of counsel, Defendant must demonstrate that "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered

7

prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). Counsel is presumed competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). Evans's argument relies in part on facts that are not of record, and in part on claims of ineffectiveness that could come within the realm of legitimate trial tactics. [MIO 10-11] Accordingly, we conclude that Evans has not established a prima facie case of ineffective assistance of counsel on direct appeal. We reach no conclusion as to whether Evans might succeed on such a claim in a collateral proceeding.

**Motion to Amend the Docketing Statement**

Evans seeks to amend the docketing statement to add a claim that there was insufficient evidence to support his conviction for tampering with evidence. [MIO 19-21] This Court will not grant such a motion when the claim to be raised is not viable. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

8

The facts and argument presented in Evans's motion indicate that Evans believes that a reasonable jury could have concluded that he did not change clothes or place the gun in a neighbor's back yard in order to hide the clothes and gun with the intent to disrupt the police investigation. [MIO 20] However, our highly deferential standard of review for claims of insufficiency of the evidence requires us to review this evidence in the light most favorable to the verdict, *Cunningham*, 2000-NMSC-009, ¶ 26, and therefore, this claim of error is not viable. This case is not like *State v. Duran*, 2006-NMSC-035, ¶ 13, 140 N.M. 94, 140 P.3d 515, where there was no evidence that physical evidence had been moved or hidden with an intent to disrupt the police investigation, since the evidence that the State asserted must have existed in *Duran* was never found. Here, Evans concedes that there was evidence presented at trial that he changed his clothes and that the gun used during the shooting was found in a neighbor's back yard. [MIO 20] The witnesses' observations and the physical evidence that was located constitutes direct and circumstantial evidence of an overt act of tampering. *See id.* ¶ 16. We deny the motion to amend.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

9

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**CYNTHIA A. FRY, Judge**