This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JESSE AND GAYLE FULLER,**

Plaintiffs-Appellees,

**v.**                                         **No. 32,428**

**JONATHAN AND SHELBY DELOSIER,**

Defendants,

**IN RE BRYAN ARTHUR COLLOPY,**

Attorney-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**J. Richard Brown, District Judge**

Craig J. La Bree
Hobbs, NM

for Appellees

Bryan Collopy
Hobbs, NM

Attorney for Defendants and Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Attorney-Appellant, Bryan Arthur Collopy, (Attorney) appeals from the district court's order ordering Attorney to reimburse Plaintiffs for attorney fees and costs in the amount of $6,025.40 as a sanction for his conduct as counsel for Defendants in this matter. [DS 9, RP 151-52] We issued a notice proposing to summarily affirm and Attorney filed a memorandum in opposition. We remain unpersuaded by Attorney's arguments and affirm.

In our notice, we cited *Landess v. Garnder Turf Grass, Inc.* for the proposition that "[c]ourts have the inherent power, independent of statute or rule, to award attorney fees to vindicate their judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." 2008-NMCA-159, ¶ 19, 145 N.M. 372, 198 P.3d 871 (alteration, internal quotation marks, and citation omitted). In his memorandum in opposition, Attorney argues that *Landess* is inapposite because it limits the imposition of sanctions to situations involving frivolous or vexatious litigation and contends that the district court did not find that Attorney's actions in this matter rose to that level. [MIO 2-3][1]

We do not read *Landess* as requiring a finding that expenses were incurred as a result of frivolous or vexatious litigation to support an award of attorney fees

[1]We note that Attorney's memorandum in opposition is improperly paginated. The pages are numbered as 1, 2, 1, 2, 1. We will refer to the page numbers by their correct pagination (1-5).

pursuant to a court's inherent power. On the contrary, what appears to be required is that a court make "particularized findings of misconduct" to support an award of attorney's fees. *See Landess*, 2008-NMCA-159, ¶ 19 (discussing S*tate ex rel. New Mexico State Highway & Transp. Dep't v. Baca*, 120 N.M. 1, 8, 896 P.2d 1148, 1155 (1995)). Here, the district court found that Attorney's actions were "improper" and "willful." [RP 151] This finding sufficiently supports the district court's imposition of sanctions on Attorney. *See Herrera v. Roman Catholic Church*, 112 N.M. 717, 721, 819 P.2d 264, 268 (Ct. App. 1991) ("Unless clearly erroneous or deficient, findings of the [district] court will be construed so as to uphold a judgment rather than to reverse it.").

Attorney also continues to argue that the district court deprived him his right to due process by imposing sanctions on him. [MIO 3-4] In our notice, we proposed to affirm because the record reflects that the district court provided Attorney with an opportunity to be heard, and Attorney failed to avail himself of it. Attorney now argues that the district court did not provide him with an opportunity to be heard because it resolved the issue of attorney fees at a status hearing, which Attorney elected not to attend. Attorney appears to argue that the district court "disguis[ed] the nature of the hearing." [MIO 4] We see no basis for this assertion in the record.

The district court found Attorney "had ample notice that Plaintiff had a claim for attorney[] fees." [RP 161] The court also found it specifically instructed Attorney to respond, in writing, to Plaintiffs' counsel's affidavit in support of attorney fees within fifteen days and informed Attorney it would set a hearing on the issue of attorney fees if either party requested such hearing. [RP 161] The district court found Plaintiffs' counsel submitted his affidavit on May 22, 2012, and Attorney "neglected to object or respond at all." [RP 161] The district court set the matter for a status hearing on August 2, 2012, and Attorney failed to appear. [RP 160] The court concluded Attorney's due process claim was "without merit" because Attorney "willfully disregarded this Court's instructions for briefing the attorney[] fee[s] issue and additionally has willfully neglected his opportunity to address the matter at a hearing." [RP 161, 162] These findings are supported in the record and not clearly erroneous or deficient. We thus affirm. *See Herrera*, 112 N.M. at 721, 819 P.2d at 268 ("Unless clearly erroneous or deficient, findings of the [district] court will be construed so as to uphold a judgment rather than to reverse it.").

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

4

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**