This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42629

**STEVE HOBERG,**

Plaintiff-Appellant,

and

**MESCALL LAW FIRM, P.C.,**

Real Party in Interest-Appellant,

v.

**CITY OF ALBUQUERQUE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Appellant

City of Albuquerque
Laura R. Callanan, Assistant City Attorney
Ashlee M. Wright, Managing City Attorney
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}**     Appellants appeal from the district court's final judgment, which included an award of $5,000 in reasonable attorney fees in favor of Appellants. [4 RP 952] We entered a calendar notice, proposing to affirm. Appellants filed a memorandum in opposition and Defendant filed a memorandum in support. Unpersuaded by the memorandum in opposition, we affirm.

**{2}**     Appellants assert that factual findings in paragraphs 3, 4, 5, 6, 7, 8, 9, and 10 from the district court's order "were refuted by undisputed evidence." [MIO 7-14] We review a district court's factual findings as we would the verdict of a jury—for substantial evidence. *See Bustos v. Hyundai Motor Co.*, 2010-NMCA-090, ¶ 27, 149 N.M. 1, 243 P.3d 440. Evidence supporting a contrary conclusion does not demonstrate reversible error. *See Mayeux v. Winder*, 2006-NMCA-028, ¶ 11, 139 N.M. 235, 131 P.3d 85 (recognizing that on review of the district court's factual findings, the presence of evidence supporting the opposite result is not relevant). Further, the district court is entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"). "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Id.* As such, on its face, Appellants' contention that these findings "were refuted by undisputed evidence" is not grounds for reversal.

**{3}**     In disputing findings 3 and 9, Appellants' contentions center on the district court's finding that the documents responsive to Appellants' Inspection of Public Records Act (IPRA) request were turned over to Appellants by Defendant one day after the complaint was filed. [MIO 6] According to Appellants' memorandum, the complaint was filed in the district court on August 18, 2022, and served on Defendant on August 23, 2022. [Id.] Defendant turned over all responsive documents on August 30, 2022, which was acknowledged in Defendant's briefing below. [3 RP 732] As such, it does appear that the responsive documents were not turned over the day after the complaint was filed.

**{4}**     However, we note that Appellants' attorney fee affidavit indicates that only 3.5 hours were expended for the entire month of August 2022 on this case and none of those hours occurred between August 23 and August 30. [4 RP 922] Consequently, whether the records were turned over a day after the complaint was filed or a few days after it was served on Defendant, we conclude is irrelevant and does not demonstrate that the district court abused its discretion in awarding Appellants $5,000 in attorney fees. "Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." *Herrera v. Roman Cath. Church*, 1991-NMCA-089, ¶ 14, 112 N.M. 717, 819 P.2d 264. We note also that the finding that Defendant turned over the responsive documents within a day of the complaint was in the context of several other findings related to the reasonableness of Appellants' attorney fee request. These findings, taken in their entirety, support the district court's judgment. *Id.*

**{5}**     Factual findings 4, 6, 7, and 10 relate to the district court's conclusion that much of the time spent on this case by Appellants was unrelated to securing the documents requested under IPRA. [MIO 8-10] We understand Appellants' contentions to be premised on their belief that the district court did not consider the attorney fee affidavit submitted during the briefing below. [Id.] The record does not reflect that this was the case. As we noted in the calendar notice, the district court specifically requested Appellants provide the attorney fee affidavit and referenced the parties' filings in its order. [CN 3-4] We therefore conclude that Appellants have failed to show that the district court's findings in this regard were in error.

**{6}**     Factual finding 5 concerned Defendant's early attempt to settle the case after the responsive documents had been provided, Appellants refused to settle and unilaterally withdrew from mediation, creating the subsequent need for Defendant to file a dispositive motion in order to resolve the case. [4 RP 950] As Appellants acknowledge in their memorandum, the record contains emails from counsel for Defendant that support this finding. [3 RP 734-41; MIO 11-12] We therefore conclude it is supported by substantial evidence. To the extent Appellants ask this Court to reweigh the evidence to reach a different conclusion than that of the district court, we decline to do so. *See Las Cruces Pro. Fire Fighters*, 1997-NMCA-044, ¶ 12 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"). Our conclusion is the same as to Appellants' contentions related to factual finding 8, which concerned the reasonableness of Appellants' requested $475 per hour attorney fee. [MIO 14, 19-20]

**{7}**     Appellants next assert that "Plaintiff's counsel was entitled to an award of attorney[] fees for having to respond to [Defendant's] motion for summary judgment, and for prevailing at trial on statutory damages." [MIO 15]
However, the district court did award reasonable attorney fees under IPRA commensurate with Appellants' success under the statute. *See Am. Civ. Liberties Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 41, 392 P.3d 181 ("IPRA's enforcement provision . . . requires courts to grant only 'reasonable' attorney fees to successful litigants.").

**{8}**     Appellants next contend that "[a]s a matter of law, the district court erred when it denied an award of attorney[] fees on the grounds that [Plaintiff] did not reach a settlement." [MIO 17] We again stress that the district court did not deny an award of attorney fees. Regardless, Appellants rely on *Duran*, in support of this assertion and contend that "[i]n *Duran* this Court held that an IPRA plaintiff does not forfeit a right to attorney[] fees simply because a settlement offer was rejected." [MIO 18]

**{9}**     In *Duran*, the appellant wrongfully withheld public records and this justified the requesters' "continued efforts to determine the existence of responsive records." 2016-NMCA-063, ¶¶ 43-48. This Court concluded that the district court did not abuse its discretion in awarding reasonable attorney fees that included the time spent pursuing and obtaining those documents following a settlement offer. *Id.* ¶ 48. *Duran* is distinguishable from the case at hand. As has been noted, Defendant produced the responsive records within a few days after the complaint had been filed. Moreover, the

district court awarded Appellants reasonable attorney fees for the time spent successfully obtaining the records under IPRA.

**{10}** Appellants' next contention concerns Issue 2 from the calendar notice, which related to whether IPRA authorized Appellants to seek injunctive relief ordering Defendant to develop policies and procedures that comply with IPRA. [CN 8; MIO 22] In our calendar notice, we stated, "the district court addressed this claim following trial and it appears to have done so on the substance of the matter, although Appellants do not address the district court's finding in their docketing statement." [CN 8] Thus, we proposed to conclude that Appellants had not established reversible error. Appellants' memorandum does nothing to challenge this proposed disposition. We therefore affirm the district court on this issue. *Mondragon*, 1988-NMCA-027, ¶ 10; *Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

**{11}** Lastly, Appellants contend that "[a]n IPRA attorney is entitled to an award of fees that 'reflect the full amount of fees fairly and reasonably incurred by the plaintiff.'" [MIO 26] As we have already concluded, Appellants have not shown that the district court abused its discretion in awarding Appellants $5,000 in reasonable attorney fees. *Id.*

**{12}** Finally, we note that despite the many arguments made by Appellants, Appellants did not directly address our proposed conclusion in our calendar notice that the district court appropriately applied *Rio Grande Sun v. Jemez Mountains Public School District*, 2012-NMCA-091, 287 P.3d 318. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (holding that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{13}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{14} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**